### William Kirkwood, Trustee, etc., et al., v. Elias Kidwell et al.

1. APPELLATE COURT PRACTICE—*Assignment of Cross-Errors.*—If an appellee desires to contend that the court below erred in reducing the amount found due him by the master he must assign cross-errors upon the record to that effect.

2. SALES—*By Trustees—Defective Title—Ejected Purchasers.*—When a trustee sold and by a warranty deed conveyed a tract of land, and the purchaser paid for the same and made improvements but was afterward ejected from the land by reason of a defective title, *it was held* that as the estate had had the benefit of the purchase money it was but equitable that the ejected purchaser should have it returned to him.

Petition by Ejected Purchaser of a Trustee.—Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

Meeker & Meeker, attorneys for appellants.

B. M. Peadro, attorney for appellees.

Mr. Presiding Justice Harker delivered the opinion of the Court.

On the 5th of August, 1886, William Elder, who had been acting as the executor of James Elder, deceased, conveyed to J. Meeker and W. P. Corbin a forty-acre tract of land, situated in Moultrie county, to secure them as securities on his bond as executor. Following some litigation which had been instituted by parties interested in the estate, William Elder resigned and J. Meeker was appointed trustee. Corbin then conveyed all interest he had in the land to Meeker as trustee. On the 17th of September, 1887, Meeker, as trustee, sold the land to Elias Kidwell for $1,100. Three hundred dollars of the purchase money was to be paid to one W. A. Steele, in one and two years, and $800 to be paid to Meeker as trustee, notes being executed therefor. Kidwell paid off the notes which he had executed to Steele and had paid $100 and the accrued interest on the $800 note when a suit in ejectment for the possession of the land was instituted against him by William T. Timmons et al. He was ejected from the land, judgment in favor of the plaintiffs being entered in the Circuit Court and affirmed in the Supreme Court. The litigation over the title to the land was pending several years. In the meantime there were changes made in the trusteeship of the estate of James Elder. Appellant was appointed in December, 1890, and had continued to act as trustee up to the time these proceedings were commenced.

At the April term, 1895, of the Circuit Court of Moultrie County, Kidwell filed an intervening petition asking for an order upon Kirkwood as trustee to pay to him out of the funds of the estate what he had paid as purchase money and what he had necessarily paid out in his efforts to uphold title to the land. In addition to being reimbursed for purchase money he claimed that he should have refunded to

him all that had been expended by him in the defense of the ejectment suit and for improvements.   After the pleadings were settled the case was referred to the master, who took the proofs and stated an account, finding that Kidwell was entitled to be paid out of the funds of the estate the sum of $1,032.95.   Exceptions were filed to the master's report, which were in part sustained, but a decree was rendered ordering the trustee to pay out of the funds to Kidwell $400.

It is earnestly contended that there is no liability against the trustee because in the transaction for the sale of the land Meeker acted merely as a judicial officer and had no power in law to bind the heirs by a warranty deed.   We do not think the contract can be looked upon in the light of a judicial sale.   When Meeker entered into the contract with Kidwell he was authorized, under his appointment by the court, as trustee, to convey a warranty title to the premises.

It is also contended that the whole transaction was a deal between Kidwell and W. A. Steele, and not one between Kidwell and the trustee.   The proofs do not support that contention.   While the contract provided for the execution of part of the notes to Steele and he received the money paid on them it clearly appears on its face to be a contract between Kidwell and the trustee, a contract whereby the latter, on Kidwell's paying the notes, was obligated to execute a warranty deed.

It appears from the evidence that Kidwell most earnestly and stubbornly defended the ejectment suit.   He paid his money and made improvements on the land in the faith that he would receive a good title.   The estate has had the benefit of the purchase money paid and it is but equitable that Kidwell should have it returned to him, even if it be conceded that Meeker exceeded his authority as trustee when he contracted to execute a warranty deed.

We are clearly of the opinion that the evidence supports the decree.

Upon the part of appellee it is contended that the court erred in reducing the amount found due him by the master.

We shall not consider that contention for the reason that cross-errors have not been written upon or attached to the record.   Decree affirmed.